IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID KING, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-75 |
| TEXAS DEP'T CRIM. JUST., ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff David King, Jr., a prisoner confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Texas Department of Criminal Justice, Brian Collier, Kourtney S. Lane, Gwendolyn J. Spurlock, and Darrell Phillips.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a motion for injunctive relief. This Report and Recommendation considers the merits of the motion.

Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the

burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

Plaintiff's complaint concerns allegations that the defendants withheld a legal publication and holiday greeting cards from him, and that they failed to provide him with an inmate account statement. Plaintiff seeks injunctive relief requiring the defendants to provide him with a tablet and writing materials. Plaintiff's allegations are insufficient to establish a substantial threat of irreparable harm to Plaintiff if injunctive relief is not granted. There is no indication that Defendants' actions have interfered with Plaintiff's access to the courts. To the contrary, Plaintiff has been able to file multiple documents in this action. As a result, his motion for injunctive relief should be denied.

## Recommendation

Plaintiff's motion for injunctive relief should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 10th day of July, 2023.

_____
Zack Hawthorn
United States Magistrate Judge